

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:

Opinion No. 0-3410
Re: If a budget account has been over-
drawn in 1940, is the account
chargeable to the 1941 budget?

Your recent request for an opinion of this department
on the above stated question has been received.

We quote from your letter as follows:

"If a budget account has been overdrawn in 1940
is that chargeable to 1941 budget.  For example; a
fund has an overdraft at the bank on January 1st, 1941,
which is caused partly from and overdrawn budget of
1940 together with other previous years in similar
manner added to which makes an overdraft at the bank
on January 1st, 1941 of $6,000.00, is this chargeable
to the 1941 budget.

"Ever since the enactment of the officer salary
bill I have held that this should be done, not for
one account but all, and I have struck opposition
to this holding.  I would like to be correct in the
matter.

"If they don't take this out of the budget of
1941 I don't see how and where they ever expect to
catch up.

"  . . . . . ."

Your letter of April 24, 1941, presenting another ques-
tion in connection with the above stated question reads in part
as follows:

"With further inquiry, in the event you find that
the overdraft from a previous year cannot be charged
to the budget of a current year, could or would the
delinquent tax collections have to be held to apply

against this deficit or overdraft?"

"......"

From the facts stated in your letter, it is apparent that there was an overdraft of Six Thousand Dollars ($6,000.00), at the bank, against the county on January 1, 1941, caused partly from an overdrawn account in 1940, and previous years. Article 689a-9, Vernon's Annotated Civil Statutes, among other things provides in effect that the budget shall contain a complete financial statement of the county, showing all outstanding obligations of the county, the cash on hand to the credit of each and every fund of the county government. The funds received from all sources during the previous year, the funds available from all sources during the ensuing year, the estimated revenues available to cover the proposed budget and the estimated rate of tax which will be required. Article 689a-11, Vernon's Annotated Civil Statutes, in effect, provides in part that when the budget has been finally approved by the Commissioners' Court, the budget, as approved by the Court shall be filed with the Clerk of the Court, and taxes levied only in accordance therewith, and no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the Court. It is stated in the case of Southland Ice Company vs. City of Temple, 100 Fed. 2d 825, that "Subdivision 20 of the Budget Law, authorizing changes in the budget, must refer to changes within the objects covered by the budget, because if new matters could be added to the budget, then the emergency provisions would serve no purpose."

We do not know how the above mentioned overdraft was established and do not pass upon the question of its validity because this question is not before us. However, apparently the overdraft is a result of borrowing money by the county. Generally speaking, counties are held to have no power to borrow money, unless expressly authorized so to do by constitutional or statutory provision; and such power will not be implied. (Corpus Juris Secundum, Vol. 20, P. 1078).

It has been held that powers conferred on a Board of County Commissioners by the general law of the State do not include the power to borrow money; and it is not ordinarily contemplated that the current expenses of counties are to be met with borrowed money. The authorities are in harmony in denying to one from whom money has been borrowed by a county without authority the right to recover on the original contract of loan, whether this be by note, bond, warrant, or otherwise. They are also in harmony as to the right to recover on quantum merit the moneys loaned if the county received the benefit of the money by applying it to the payment of its valid indebtedness. (Ruling Case Law, Vol. 7, P. 944).

It is important to observe that a county may have the power to incur indebtedness without having the power to borrow money. The distinction is not fanciful. It is of peculiar significance in respect of constitutional provisions or statutes which prohibit counties from exceeding their current revenues. Thus, a county which has an empty treasury but the prospect of revenues for the year may have the power to incur an indebtedness for a current county expense within such anticipated revenues where it does not have the power to borrow money to meet the expenditure. (American Jur., Vol. 14, P. 225).

It is a well established principle of law in this State that the Commissioners' Courts of the various counties have only such power as expressly or impliedly conferred upon them by law. After a careful search of the statutes and various authorities, we fail to find any authority authorizing the county to have an overdraft as above mentioned. It is clear under the County Budget Law, above mentioned, that no expenditure of the funds of the county shall thereafter be made except in strict compliance with the budget as adopted by the court.

In view of the foregoing authorities, the two above stated questions are respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Ardell Williams
Ardell Williams
Assistant

AW:mp:wc

APPROVED MAY 5, 1941
s/Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman